## PAYTON v. LOUSTALOTT et al.
### No. 9520.

Court of Civil Appeals of Texas. Galveston.
Feb. 23, 1931.

Rehearing Denied March 12, 1931.

Holland & Cousins, of Beaumont, and Roy Johnson, of Galveston, for plaintiff in error.

Stewarts and Noble Carl, all of Galveston, for defendants in error.

LANE, J.

This suit was brought by John Payton against Gustine and Alice Loustalott in the form of trespass to try title to a small tract of land, which is described in plaintiff's petition as being a part of the Martin Dunman survey in Galveston county, Tex. The land is sought to be described in the petition by metes and bounds, as follows:

"Beginning at the Southeast corner of a twenty (20) acre tract of land in said survey conveyed to plaintiff under deed dated August 14, 1928, to which reference is here made for better description, and which said twenty (20) acre tract begins at the southwest corner of the Martin Dunman survey and the tract of land herein described begins at the southeast corner of said twenty (20) acre tract; thence north 67 E 112½ vrs. to the northwest corner of a tract of land in the name of Alice Loustalott. Thence north 23 deg. west, far enough so that a line running parallel with first S. 67 W. and S. 23 E to the place of beginning contains four (4) acres of land.

"Which said tract of land herein sued for is better described as beginning at the S. E. corner of the John Payton and Mollie Payton Thirty-four (34) acre tract of land as established by decree of court in cause No. 17857, Cade & Company, et al. v. Joseph Reviea, et al., in the District Court of Galveston County, Texas, dated June 14, 1899, recorded in Vol, 171, page 206, et seq., Galveston County deed records, to which reference is here made and which is the North East corner of the tract of land awarded Alice Loustalott in said decree and which said corner was in said partition suit located and established on the ground at a point where an iron stake was driven and which said beginning corner is approximately 140 feet south of the present fence at north east corner of the defendants. Thence from said beginning point S. 67 W. 112½ vrs. the dividing line between the Thirty-four (34) acre tract of John and Mollie Payton and the Alice Loustalott tract as located and established by said decree and approximately One Hundred Forty (140) feet south of the present fence line of the defendants. Thence North 23 West 150 feet. Thence N. 67 E. 112½ vrs. Thence S. 23 E. to beginning corner."

It is alleged that plaintiff is the owner and in possession of the premises; that on or about September 1, 1928, defendants unlawfully entered upon said lands and ejected plaintiff therefrom and is unlawfully withholding the same from plaintiff, to his great damage; that at the time defendants first took possession of the land they did so as tenants of plaintiff's predecessor in title and at such time they agreed to restore possession of such land to plaintiff's predecessor in title upon demand being made therefor that plaintiff, now the owner of the land in fee simple, demanded possession thereof; that defendants are now refusing to restore the land to plaintiff and by threats and force are withholding the same from him, to his damage in the sum of $10,000.

Defendants demurred generally to the allegations of plaintiff's petition, made general denial, and pleaded not guilty.

Becoming actors, they alleged that they were the owners of the land under the provisions of the statute of limitations of ten and twenty-five years. They alleged that the claim of plaintiff was a cloud upon their title, and prayed for a removal of such cloud and for judgment against John Payton for the title to and possession of the land.

A jury was impaneled and sworn to try the cause, but after plaintiff had introduced his evidence and rested, defendants introduced no evidence; whereupon the court instructed the jury to return their verdict for defendants, which said verdict was accordingly returned.

Upon such verdict the court rendered judgment decreeing that plaintiff take nothing by his suit, and that defendants recover from plaintiff the title and possession of the following property: (Here the property is described as in the plaintiff's petition.)

Plaintiff has appealed.

Appellant contends: First, that the court erred in instructing a verdict for defendants, in that the undisputed evidence shows that the land described by him in his petition is owned by him as an heir of his deceased father, John Payton, Sr., that defendants entered upon and inclosed such land as tenants of John Payton, Sr., who was in possession of the land, and that they never repudiated such tenancy until September 1, 1928; second, that the court erred in rendering judgment vesting title to the land in defendants, in that there was no evidence showing that defendants were the owners of the land by conveyance, by limitation, or otherwise, therefore they were not entitled to a judgment for the land as against the plaintiff.

Mary Payton, the surviving wife of John Payton, Sr., the father of the plaintiff, John Payton, Jr., who died in 1917, testified that she and her husband moved upon certain land, of which the land involved in this suit is a part, prior to 1899; that their son John was living on the premises with them; that her husband lent the land involved in the suit to appellees Loustalotts in 1893 upon the promise of Loustalotts that possession thereof would be restored to him upon his demand therefor; that such demand was made by her in September, 1928, and it was refused by Loustalott.

The witness H. Sullivan testified, in part, as follows:

"Mr. Loustalott said he got the land from old man Payton and moved over there to give his horses pasture room in there and two years ago he says, 'I know that is Mollie Payton's land, but, by God, I am going to keep it. The God damned ignorant sons of bitches ain't got sense enough to claim their land and go to law and get it'; that is what he told me about two years ago. Up to that time he had never laid any claim to the land; I never could get close enough to talk with him but once since. Before that he had never laid any claim to the land. I never talked to him since that about any land or anything. Before that he never did tell me that he owned that property or intended to claim it."

No conveyance showing title to any land in any party to the suit was introduced in evidence, if such existed, nor was the judgment, referred to in plaintiff's description of the land and in the court's judgment in this case, introduced in evidence. In other words, no title to the land was shown to be in any party to the suit, either by conveyance, judgment, or limitation. All the evidence introduced relative to the limitation title asserted by Loustalotts shows that they were not holding adversely to the Paytons prior to September 1, 1928.

It is shown that the Paytons never had the land involved under fence. There is no evidence that they ever used it in any manner, unless they did so through the Loustalotts as their tenants.

██ There being no evidence showing that either John Payton, Sr., Mollie Payton, or John Payton, Jr., plaintiff herein, owned the land sued for, it is apparent that John Payton, Jr., is not entitled to a judgment for such land. It is also apparent from the facts stated that defendants Loustalotts are not entitled to a judgment for the land.

Having reached the conclusions stated, the judgment is here reformed by reversing so much of the same as awards to appellees a recovery of the land involved in the suit, the remainder thereof standing undisturbed. The judgment as thus reformed is affirmed.

Reformed and affirmed.